IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MACK WYNN | ) | CASE NO. 4:09CV2888 |
| Plaintiff, | ) ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| D. SCOTT DODRILL | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* Mack Wynn ("Wynn"), incarcerated at the Federal Correctional Institution, Elkton, Ohio, brought this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Pennsylvania. On April 27, 2009, the Pennsylvania court transferred this case on the ground that a § 2241 action must be filed in the district having jurisdiction over the petitioner's custodian. Since Wynn is incarcerated in Elkton, Ohio, the court ruled it lacked jurisdiction to hear his claim. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

**I. BACKGROUND**

Wynn pled guilty to 5 counts of an indictment and in March 2007, was sentenced to 70 months imprisonment and ordered to pay a special assessment of $500.00 and a fine of $1,000.00. According to Wynn' complaint, the court imposed conditions relating to the schedule of payment of the special assessment and fine during the period of supervised release. "If the fine is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of not less than $100.00, to commence 30 days after release from confinement." The court also provided for payment while he was incarcerated: "[U]nless the court has expressly

ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment." When Wynn arrived at the prison, he entered into an agreement to pay $25.00 per quarter under the Inmate Financial Responsibility Program ("IFRP") toward the payment of his fine and assessment.[1] When his payment fell short he was placed in IFRP refusal status and sanctions were imposed. He later signed another agreement to pay quarterly but was again placed in refusal status when he was 7 cents short as a result of a pay shortage in his prison wages. Wynn then notified the court of his intent to make future payments directly to the court. He established this method of payment as his financial plan and refused to enter into any contracts with the Bureau of Prisons ("BOP"). In July 2008, Wynn passed his GED exam which entitled him to a $25.00 incentive bonus which was denied because he was in refusal status. He wants this bonus as well as his full pay for the month of July 2008. The court's failure to set the amount and schedule for payment of the fine allowed allegedly the BOP to do so. Wynn contends that, in accordance with 18 U.S.C. § 3572(d), only the court has the authority to set the amount and schedule of a fine imposed by a sentence. He cites *United States v. Coates*, 178 F.3d 681, 684-85 (3rd Cir. 1999) and

---

[1] The IFRP is a work program instituted by the Bureau of Prisons to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. The program allows for the development of a financial plan so that inmates may satisfy enumerated obligations, such as restitution payments, while incarcerated. 28 C.F.R. § 545.11(a). The refusal by an inmate to comply with the provisions of his financial plan may result in up to ten possible punishments, including not receiving bonus pay or vacation pay, being subject to a more stringent monthly commissary spending limitation, and being assigned the lowest housing status. 28 C.F.R. § 545.11(d). *Enigwe v. Sneizek*, 2007 WL 1235673 * 1 (N.D. Ohio, Apr. 26, 2007) (citing *United States v. Callan*, 96 Fed.Appx. 299 (6th Cir. 2004)).

*United States v. Corley*, 500 F.3d 210 (3rd Cir. 2007), *vacated on other grounds*, 129 S.Ct. 1558 (2009), wherein the Third Circuit held that only the court has the authority to set the amount and schedule of a fine imposed by a sentence, and that authority cannot be delegated to the BOP.[2]

## II. JURISDICTION

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998); *Perez v. Hemingway,* 157 F.Supp.2d 790, 793 (E.D. Mich., 2001). Wynn's challenge to the BOP's payment schedule for the fine that was imposed in his federal criminal case concerns the execution of his sentence and is therefore correctly framed as a habeas claim brought pursuant to § 2241. *See Matheny v. Morrison,* 307 F.3d 709, 711-12 (8th Cir.2002). It appears that Wynn has exhausted his administrative remedies. *See Little v. Hopkins,* 638 F.2d 953, 953-54 (6th Cir. 1981) (federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief. Therefore, the Court may consider the merits of his claim and make a final ruling accordingly.

## III. ANALYSIS

The BOP established the IFRP to encourage inmates to meet their court-ordered financial obligations. *Love v. Ward*, 2009 WL 2912481 * 2 (E.D. Ky, Sep. 8, 2008). When an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation. 28 C.F. R. § 545.11 provides:

---

[2] Since Wynn's case occurred in the Third Circuit, this Court will use Third Circuit law in making its decision.

> (a) Developing a financial plan. At initial classification, the unit team shall review an inmate's financial obligations, using all available documentation, including, but not limited to, the Presentence Investigation and the Judgment and Commitment Order(s). The financial plan developed shall be documented and will include the following obligations, ordinarily to be paid in the priority order as listed:
> (1) Special Assessments imposed under 18 U.S.C. 3013;
> (2) Court-ordered restitution;
> (3) Fines and court costs;
> (4) State or local court obligations; and
> (5) Other federal government obligations.

Participation in the IFRP may be voluntary but an inmate's refusal to comply with his financial plan will result in consequences. 28 C.F.R. § 545.11(d). The regulation contains a list of ten possible consequences, including not receiving a furlough, being assigned the lowest paying jobs, not obtaining bonus pay or vacation pay, being subject to a more stringent monthly commissary spending limitation, being quartered in the lowest housing status, and not being eligible for a community-based program. *Id.*; *Burgin v. Cauley*, 2009 WL 971449 * 2 (E.D. Ky., Apr. 8, 2009).

In *Costigan v. Yost*, 318 Fed. Appx. 58 (3rd Cir. 2008), the plaintiff claimed that the district court impermissibly delegated the responsibility of establishing a schedule by which he would pay the special assessment imposed as part of his sentence. Because the BOP allegedly was not authorized to set a payment schedule, it improperly imposed sanctions based on his failure to participate in the IFRP. The court in denying the § 2241 petition, distinguished *Coates* and *Corley* cited by Wynn in support of his complaint. *Coates* and *Corley* held that, under the Mandatory Victims Restitution Act, a sentencing court cannot delegate the scheduling of restitution payments to the BOP because setting restitution payments is an exclusively judicial responsibility. *Id.* at 59. However, Costigan was challenging the court's failure to set a schedule for paying a special assessment as is Wynn. Under 18 U.S.C. § 3013(b), special assessments are to be collected in the same manner that fines are collected in criminal cases. The Attorney General must collect criminal

fines. *See* 18 U.S.C. § 3612(c). The time and manner of payment is governed by 18 U.S.C. § 3572(d) which provides that payment of a fine or other monetary penalty be paid immediately unless the court provides for a payment on a date certain or in installments. A restitution schedule is made in consideration of the defendant's financial resources, other assets and projected earnings and income. *See* 18 U.S.C. § 3664((f)(2). But payment of a fine or special assessment does not depend on the defendant's economic circumstances. Therefore, since the sentencing court was not required to set a schedule for payment of a fine and special assessment, the BOP had the authority to set a payment schedule. The *Costigan* case is similar to the present case. If Third Circuit law applies in this case, *Costigan* will be followed.[3]

The Court would arrive at the same result using Sixth Circuit law. In *Weinberger v. United States,* 268 F.3d 346, 361 (6th Cir. 2001), the petitioner argued that the district court improperly delegated the scheduling of his restitution payments through the BOP's IFRP. The Sixth Circuit held a district court may adopt and incorporate into a sentence terms and conditions of the IFRP as established by the BOP and as binding on the prison officials who carry them out. *Id.* at 361. The Sixth Circuit has upheld the constitutionality of this program in at least one other case. *White v. Eichenlaub*, 2008 WL 4427938 * 3 (E.D. Mich., Sep. 30, 2008)) (citing *United States v. Callan,* 96 Fed.Appx. 299, 301 (6th Cir. 2004) (petitioner could not be relieved from participating in the IFRP

---

[3] Recently, the Third Circuit made a similar ruling in Pinet v. Grondolsky, 2009 WL 2942699 (3rd Cir. Sep. 15, 2009).

because existing authority supports the IFRP against general and due process challenges)).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243.[4]

IT IS SO ORDERED.


Date: February 5, 2010            /s/Dan Aaron Polster
                                 JUDGE DAN AARON POLSTER
                                 UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.